IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Danville Division

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 15 2004
JOHN F. CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

Kimberly Adkins,

Plaintiff,

v.

Civil Action No.: 4:04CV00042

CROWN AUTO, INC.

and

AUDREY MOSS

And

JOHN D. MOSS

and

DONALD AARON

and

ELLA STALLINGS,
Defendants.

# *COMPLAINT*

## Introduction

1. This is an action brought by Plaintiff to recover actual, statutory and punitive damages, reasonable attorneys fees, and costs from Defendants for giving false disclosures about the mileage of a motor vehicle, in violation of subchapter IV of the Motor Vehicle Information and Cost Saving Act, 49 U.S.C. § 32701 *et seq.*, Virginia Code § 59.1-198 *et seq.* of the Virginia Consumer Protection Act (VCPA); and constituting actual and/or constructive fraud. This action is also brought to recover

actual, statutory and punitive damages against each defendant for misrepresenting many aspects of the nature of the car.

**Jurisdiction**

2. Jurisdiction of this court arises under 49 U.S.C. § 32710(b), 28 U.S.C. § 1337, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

**Plaintiff**

3. Plaintiff is a citizen of the United States and resident of Danville, Va.

**Defendants**

4. Defendant Crown Auto, Inc. t/a Auto Villa (hereinafter the "dealer") is a motor vehicle dealer and Virginia corporation doing business in Danville, Virginia.

5. Defendants Audrey Moss, John D. Moss, Donald Aaron and Ella Stallings are each an agent, employee and servant of defendant dealer acting within the scope of his or her respective employment. Audrey Moss is the manager and owner of used car lot. John D. Moss is the Crown employee responsible for procuring wrecked automobiles and preparing them for sale as repaired or rebuilt cars at Crown. He holds no dealer nor salesman's license. Donald Aaron is a car salesman. Ella Stallings is the person who filled out much of the deceptive paperwork.

5a. Before the transaction in this case, a jury of this Court found Crown to be liable for odometer tampering under the federal odometer act, and also found Crown, Audrey T. Moss, John D. Moss, and Donald Aaron personally liable for actual fraud arising out of the misrepresentations of mileage and assessed punitive damages against them. *See* Stewart v. Crown Auto, et al., W.D. Va. C.A. No. 4:02CV00031.

## Statement of Facts

6. The vehicle in this case is partially a 2001 Hyundai Tiburon, Vehicle Identification Number KMHJG25F21U227253 ("the vehicle").

7. Sometime before November 19, 2001, the car was involved in an accident which resulted in the issuance of a salvage certificate by the state of Maryland. At the time, the odometer read approximately 7,383.

8. Crown subsequently obtained ownership of the 2001 Maryland Tiburon.

9. Crown, its agents or servants, repaired or replaced the hood, both front fenders, the front glass, and the top. Additionally, the front axle/rack and pinion had also been damaged.

10. Crown, its agents or servants, also cut the rear off of the Maryland Tiburon and replaced it with the rear portion of a 2000 Hyundai Tiburon it had obtained from Texas with over 20,000 miles on it, and painted the resulting car. On or about September 10, 2002, Crown, by its agent and servant John D. Moss, falsely represented to the Department of Motor Vehicles that all of these repairs cost only $4200.00.

11. After Crown's fraudulent and inadequate repairs, the mileage of the front of the car was 9548, and the mileage of the back portion of the car was over 20,000.

12. On or about July 15, 2003, Plaintiff Kim Adkins inquired of salesman Donald Aaron about the car. She asked if the car had been damaged in an accident, and Aaron falsely represented that the car had only "cosmetic damage" to the rear, thereby concealing the damage to the other portions of the car. Plaintiff agreed to buy the car not knowing that the mileage on the rear portion was twice as much as shown on the odometer, nor that other parts had been severely damaged.

13. On the Buyer's Order, Crown falsely represented that the "mileage" of the whole car as 9458A, signed, upon information and belief, by Ella Stallings as agent for Audrey T. Moss. Donald Aaron also gave Adkins a separate odometer disclosure statement, on which he which falsely represented the mileage of the whole car as 9480 actual. Upon information and belief, Ella Stallings also signed the title for Crown, further misrepresenting the mileage of the whole car as about 9480 actual.

14. During the sale process, Adkins again inquired as to the nature of the damage, and was told that only the back glass, trunk lid, and a fender had been damaged and repaired.

15. At no time did Crown, Aaron, nor any one else reveal that the rear of the car was not part of the Maryland car, that the vehicle was in fact two cars cut apart and then poorly welded together, that other severe damage that had been done to the car, that damage had been done to the car that was not repaired, nor that it was not a 2001 Hyundai Tiburon, but partly a 2001 and partly a 2002.

16. Shortly after the sale, the car began to steer erratically, and Adkins stopped driving the car for any purpose beyond getting to work.

17. Adkins husband called Donald Aaron about the erratic steering. Aaron referred him to John D. Moss, who was out of town. Aaron refused to do anything because all repairs had to go through John D. Moss.

18. A week later, Mr. Adkins called Aaron, and John D. Moss was still unavailable. This runaround went on for approximately one month, during which time Crown claimed that the steering problems were caused by new rims that Adkins had put on.

19. Finally, Mr. Adkins took the car to Crane Tire to determine what the problem was. Crane determined that the rims were not the problem, and diagnosed the problem as the rack and pinion of the steering system, that the car had been clipped, and that the car was unsafe to drive.

20. Mr. Adkins then took the car to the Hyundai Authorized Representative, who refused to fix the steering on the grounds that the defective rack and pinion was damaged in a wreck and therefore not covered under the warranty.

21. Adkins had the car inspected by her expert, who advised her not to drive the car because the welds holding the two parts of the car together were extremely weak and the car could break in half at any time.

22. Audrey Moss holds the motor vehicle dealer's license for Crown and supervises all aspects of its day to day operations when at Crown, except when she is not at Crown, during which time John D. Moss supervises the day to day operation of Crown. Audrey Moss and/or John D. Moss approved this sale and the false representations therein.

23. The value of this car  is substantially less that the price Plaintiff paid for it.

## Claims for Relief

### First Cause of Action
### Federal Motor Vehicle Information Act
### (Crown, Audrey Moss, John D. Moss, Donna Moss, Donald Aaron, Pamela Adkins)

24. Plaintiff realleges and incorporates herein the allegations of the paragraphs above.

25. Defendants violated the Federal Motor Vehicle Information Act in one or more of the following respects:

a) by giving false statements to a transferee in violation of 49 U.S.C. § 32705(a) and 49 C.F.R. § 580.4 or conspiring to do so.

26. Defendants violated the Federal Motor Vehicle Information Act with intent to defraud.

27. Defendants are transferors within the terms of the Federal Motor Vehicle Information Act.

28. Plaintiff is a transferee within the terms thereof, and the vehicle was less than ten (10) years old at the time of sale.

**Second Cause of Action**
**Consumer Fraud**
**(Crown, Audrey Moss, John D. Moss, Donna Moss, Donald Aaron, Pamela Adkins)**

29. Plaintiff realleges and incorporates herein the allegations above.

30. Crown committed unfair or deceptive acts or practices in violation of the VCPA, including but not limited to one or more of the following:

a) giving false statements to a transferee in making odometer disclosures, in violation of 49 U.S.C. § 32705(a) and 49 C.F.R. § 580.4;

b) using deception in connection with a consumer transaction, in violation of Virginia Code § 59.1-200.

c) by offering for sale repossessed, defective, blemished, deteriorated, or reconditioned goods without clearly and unequivocally indicating in the offer for sale that

the goods were repossessed, defective, blemished, deteriorated, or reconditioned, in violation of Va. Code Sec. 46.2-200(7).

d) using any fraud or deceit in connection with a consumer transaction, in violation of Va. Code Sec .59.1-200(14); and

31. Crown willfully and intentionally committed the above unfair or deceptive acts or practices.

32. For each intentional or willful violation of the Consumer Protection Act as well as the misrepresentations and concealments described herein, Plaintiff is entitled to recover triple the actual damages, or $1,000.00, whichever is greater, and reasonable attorney fees and court costs, pursuant to Virginia Code §59.1-204. In the alternative, for each unintentional violation, Plaintiff is entitled to recover actual damages, or $500.00, whichever is greater, and reasonable attorney's fees and court costs, pursuant to §59.1-204.

**Fourth Cause of Action**
**Actual Fraud**
**(Crown, Audrey Moss, John D. Moss, Donna Moss, Donald Aaron, Pamela Adkins)**

33. Plaintiff realleges and incorporates herein the allegations above.

34. In representing that mileage of the whole car was but 9548, and concealing the fact that the rear of the car's mileage was considerably higher, Defendants made false representations of fact as to the true mileage of the vehicle upon which they knew or should have known that purchasers such as the Plaintiff would rely.

35. The representations were material and false and made with full knowledge of their falsity or with reckless disregard of the truth.

36. Crown intended future purchasers such as Plaintiffs to rely on the representation and the odometer reading and intended her to rely on the false representations of the mileage.

37. Plaintiff justifiably relied on the false representations. The mileage reading played a material and substantial part in leading Plaintiff to purchase the vehicle and to pay the price agreed. As a result of said misrepresentations, Plaintiff purchased the vehicle and sustained the losses and damages set forth herein.

38. The false representations were made willfully, recklessly, maliciously or with intent to injure and defraud purchasers such as Plaintiffs.

39. Defendant knowingly and intentionally made the misrepresentations with the intent to mislead Plaintiffs in an effort to induce Plaintiffs to purchase the subject vehicle and with the intent Plaintiff would act upon those misrepresentations.

40. Defendants' conduct and actions as described herein constitute a conscious disregard for federal law, state law, and the rights of Plaintiff; Defendants' calculated and deliberate misrepresentations constitute misconduct entitling Plaintiff to an award of punitive damages, attorneys' fees and costs in this matter.

41. As a direct and proximate result of the foregoing, Plaintiff suffered substantial damages and losses and foreseeable incidental and consequential damages including but not limited to the diminished value of the vehicle, finance charges, insurance costs and property taxes, lost wages and other damages and Plaintiff incurred attorney's fees, costs and expenses in prosecuting this action and related injury and inconvenience.

WHEREFORE, Plaintiff respectfully requests the following relief:

1. That upon Plaintiff's First Cause of Action, Plaintiff be awarded judgment against Defendants, jointly and severally, damages in the amount of the greater of treble the damages proved at trial, or $1,500, for each violation of the Federal Motor Vehicle Information Act, 49 U.S.C § 32710, in addition to reasonable attorney fees and costs.

3. That upon Plaintiff's Third Cause of Action, Plaintiffs be awarded judgment against Defendants jointly and severally in the amount of triple their actual damages plus costs and attorneys fees under the VCPA.

4. That upon Plaintiff's Fourth Cause of Action, Plaintiffs be awarded judgment against Defendants, jointly and severally, in the amount of their actual damages in addition to punitive damages, plus reasonable attorneys fees.

5. Award pre-judgment and post-judgment interest as allowed by law; and

6. Award Plaintiffs their costs and expenses and

8. Award such other and further relief as to justice shall be meet.

Kim Adkins

Elmer Woodard

Elmer Woodard
Attorney at Law, P.C.
VSB No. 27734
824 Masonic Building
Danville, Virginia 24541
Telephone: (804) 793-0400
Fax: (804) 793-0675
isuecrooks@gamewood.net

______________________________

H. Kent Crowe, Esquire
P.O. Drawer 1509
Conover North Carolina 28613
(828) 464-5205
f(828) 464-7511
NCSB 14391

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Danville Division

Kimberly Adkins,

Plaintiff,

v. Civil Action No.: ____________

CROWN AUTO, INC., et al.
Defendants.

# ***Demand for Jury Trial***

Plaintiff respectfully requests a jury trial.

Kim Adkins