Case 4:04-cv-00042-JLK-mfu   Document 145   Filed 05/27/05   Page 1 of 10
Pageid#: 919

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 27 2005

JOHN F. CORCORAN, CLERK
BY: HMcDonald
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| **KIMBERLY ADKINS,** | Case No. 4:04CV00042 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| | |
| **CROWN AUTO, INC., ET AL.,** | By: **Jackson L. Kiser** |
| | Senior United States District Judge |
| Defendants. | |

Before this Court are four (4) Motions for Partial Summary Judgment [15, 106, 108, 110] submitted by Defendant Crown Auto, Inc. ("Crown"), and two (2) Motions for Partial Summary Judgment [93, 95] submitted by Plaintiff Kimberly Adkins ("Adkins"). Oral argument was heard on May 12th, 2005 during which Crown argued one of its Motions [15], while Adkins argued both of hers. Crown's remaining three (3) Motions were submitted on brief and reviewed by the Court without hearing. For the reasons discussed below, Adkins' Motions for Partial Summary Judgment are **DENIED**, Crown's First and Third are **DENIED**, and Crown's Second and Fourth Motions are **GRANTED**.

## STATEMENT OF FACTS

Crown is a used motor vehicle dealer in Virginia that operates as Auto Villa[1] and is

---

[1] Unless specifically necessary, Auto Villa will simply be referred to as Crown for purposes of consistency and clarity.

1

owned and managed by Audrey Moss ("Moss"). John D. Moss, Donald Aaron ("Aaron"), and Ella Stallings ("Stallings") are also employees of Crown Auto. Prior to November 19, 2001, a 2001 Hyundai Tiburon with Vehicle Identification Number KMHJG25F21U227253 ("Car") was involved in an accident resulting in the issuance of a salvage certificate by the State of Maryland. The certificate showed that the odometer of the Car read "7,383." Crown subsequently purchased the Car. Crown then repaired the Car by cutting the rear portion of a 2000 Hyundai Tiburon with approximately 20,000 miles on it and affixing it to the Car.

On July 15, 2003, Aaron told Adkins that the Car only had "cosmetic damage" to the rear portion. On the Buyer's Order, Crown represented that the Car had 9,458 miles on it. Shortly after the sale, the Car began to steer erratically. Adkins notified Aaron, but Aaron told her that all repairs were handled by John Moss. Adkins took the Car to Crane Tire who informed her that the steering problems were the result of a defective rack and pinion system. The Hyundai Authorized Representative informed Adkins that the damage was not covered by warranty because the rack and pinion were damaged in an accident. Adkins had the Car inspected by an expert who opined that the welding holding the Car together was extremely weak, and the Car could break in half at any time.

Adkins filed a Complaint in this Court on June 15, 2004 in which the she alleged violations of the Federal Motor Vehicle Act, consumer fraud, and actual fraud. On April 14, 2005 Adkins filed an Amended Complaint which added a fourth claim for conversion. This additional claim was made in response to Crown's repossession of the automobile in question from Adkins on March 31, 2005.

**STANDARD OF REVIEW**

Summary judgment is appropriate where no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted), *cert. denied*, 513 U.S. 813 (1994); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1129 (4th Cir. 1987). Nevertheless, where the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Motions for partial summary judgment are governed by the same standard. *See Gill v. Rollins Protective Services Co.*, 773 F.2d 592, 595 (4th Cir. 1985) (applying the standard governing a motion for summary judgment to a motion for partial summary judgment). *See also Boyd v. Conmar of Gloucester, Inc.*, 919 F. Supp. 208, 208-209 (E.D. Va. 1996) ("The Court analyzes motions for partial summary judgment by the same standards that govern motions for full summary judgment under Civil Rule of Procedure 56(c).").

**DISCUSSION**

**I.    PLAINTIFF ADKINS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

   **A.   First Motion: Crown's Virginia Consumer Protection Act Cure Offer**

Adkins first moves for partial summary judgment on her claim that Crown violated the

3

Virginia Consumer Protection Act when it failed to adhere to the terms and conditions of a written agreement to settle a dispute arising out of a consumer transaction. Specifically, Adkins asserts that Crown made a "cure offer" pursuant to Va. Code § 59.1-204(C) to settle all claims brought by Adkins under the Virginia Consumer Protection Act for $5,500.00, and that Adkins agreed to accept the cure offer under these terms. When Crown issued the actual check to Adkins, it was marked "Full + Final Settlement 4:04CV00042" and an accompanying letter indicated that the check "represent[ed] full and final payment and settlement of all claims against Auto Villa." Adkins subsequently returned the check with a letter explaining that Crown's check inaccurately reflected their previous agreement, requested that Crown replace the check, and informed them that this inaccuracy was in fact a breach of the VCPA and as a result she had suffered damages.

    First, I find that the correspondences between Adkins and Crown present a genuine issue of material fact as to exactly what the parties intended the cure offer to cover. While Adkins urges that the understanding between the parties was that only her VCPA Claims were to be settled by Crown's payment, the record hardly confirms that Crown shared this understanding. Second, I find that the correspondences between the parties fail to establish that Crown intentionally breached the VCPA, and that a genuine issue of material fact exists concerning whether Crown's representing the check as "full and final settlement of all claims" was in fact a violation of the VCPA. Construed in a light most favorable to Crown, I find that reasonable minds could differ as to whether Crown actually intended to alter the terms of the original offer, misunderstood the terms to begin with, or was simply careless and vague in the execution of the offer. Therefore, these issue should properly be resolved by a jury and Adkins' motion for partial summary judgment on this matter is denied.

**B.    Second Motion: Adkins' Claims of Actual Fraud and Odometer Fraud**

    **1.    Actual Fraud Claim**

Adkins seeks summary judgment on this Claim arguing that no genuine issue of material fact exists regarding whether Crown committed actual fraud in the process of selling the Car to Adkins. To prevail on an actual fraud claim under Virginia law, a plaintiff must prove by clear and convincing evidence "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party mislead, and (6) resulting damage to the party mislead." *Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614, 628 (4th Cir. 1999), *quoting Evaluation Research Corp. v. Alequin*, 247 Va. 143, 439 S.E.2d 387, 390 (Va. 1994). A plaintiff alleging fraud has both a heavy burden of pleading fraud with particularity and in proving each element of the cause of action. *Banca Cremi S.A. v. Alex. Brown & Sons, Inc.* 132 F.3d 1017 (4th Cir. 1997), *also see, e.g., White v. National Steel Corp.*, 938 F.2d 474, 490 (4th Cir. 1991) (In case of fraud, "plaintiffs carry an unquestionably heavy burden of proof."). While Adkins does take care to plead the elements of fraud with particularity, I find that she has failed to meet her burden of proving that no issue of material fact exists as to all elements of her claim for actual fraud. Specifically, Adkins fails to dispel all issues of material fact concerning Crown's alleged intent to mislead. Although Adkins asserts that Crown's failure to reveal the difference in mileage between the two portions of the Car is evidence of such an intent, without more, I find that the question of Crown's motivation for withholding this information is more properly one for the jury. Thus it would be improper to grant summary judgment for Adkins on this claim so I will deny the Motion.

    **2.    Odometer Fraud Claim**

Adkins argues that Crown's failure to disclose the mileage attributed to a rear tail

5

section of a 2000 Tiburon which was added to the Car prior to sale constitutes odometer fraud in violation of Section 32705 of the Motor Vehicle Information and Cost Savings Act of 1972 (the "Act"). I disagree. The stated purpose of the section of the Act dealing with Odometers is two-fold: 1) to prohibit tampering with motor vehicle odometers, and 2) to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers. 49 U.S.C. §32701(b)(1)-(2). In furtherance of these purposes, Section 32705 of the Act requires that a seller of a car must disclose to the buyer in writing 1) "the cumulative mileage registered on the odometer" or 2) "that the mileage is unknown, if the transferor knows the odometer reading is different from the number of miles the vehicle has actually traveled." 49 U.S.C. § 32705(a)(1)(A)-(B). Thus, it is clear that the Act's primary concern is the *odometer* of a car being sold, and whether it is free from tampering or alteration of any kind.

The disclosures Crown failed to make concerning the added rear portion the Car have no bearing whatsoever on whether the Car's odometer had been altered or tampered with. Harold Keck, the mechanic who attached the rear portion to the Car, explains in his deposition that "[the replaced part] is nothing but the rear tail section." (Keck Dep. p. 46, ll. 19-20). Thus none of the parts added to the rear portion of the Car constituted components of the drive-train or any other mechanism affecting the Car's odometer reading. Rather the pieces taken from the 2000 Tiburon were primarily sheet metal used to reconstruct the rear of the Car for cosmetic purposes. While it is undisputed that the odometer of the 2000 Tiburon registered approximately twice the mileage as the Car Adkins' purchased, I fail to see how that fact is relevant to whether Crown accurately reported the reading on the Car's odometer. An automobile, even a rebuilt one, has only one odometer, the readings of which follow the history of the car. If the seller had to report readings on cars that had been cannibalized for spare parts, such a requirement would not only add

6

confusion to the reporting requirement, but add uncertainty as to when the second, or perhaps third or fourth odometer reading would be mandated. To impose additional odometer requirements not only goes beyond the purpose of the Act, it would operate to add confusion to its application. The other laws that address the problem of rebuilt automobiles are invoked by Adkins in her other claims.

Thus, I find that the Act does not encompass the disclosures which Crown failed to make concerning the replaced portion of the Car. Thus Adkins' motion for partial summary judgment on her Odometer Fraud claim is denied. The alleged violation of the Act is the only claim of Adkins that gives this Court jurisdiction. The other claims are state causes of action subject to supplemental jurisdiction requirements. 18 U.S.C. §1367. Pursuant to §1367(c), the Court has discretion to decline to exercise jurisdiction when the claim invoking federal jurisdiction is dismissed. When a case has been substantially litigated before the dismissal of the federal claim, however, courts should not dismiss the state causes of action. I will exercise the discretion granted to me and continue to the resolution of the state claims.

## II.    CROWN'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT

### A.    First Motion: Revocation of Contract Issue

Crown moves for summary judgment on the grounds that because the sales contract was revoked by Adkins in June of 2004, all claims arising from it are now meritless. This line of reasoning is simply incorrect. While Adkins revoked her acceptance of the original sales contract, the only effect of this was to terminate any continuing contractual relationship between her and Crown from that point on. It did nothing to extinguish Adkins' right to seek damages against Crown on claims arising from the *formation* of the contract. Furthermore, as Adkins

7

rightly asserts in her brief, none of her claims require that she establish the existence of a contract in order to prevail. As for whether a new contract was created by Adkins' letter indicating her rescission, this is a factual issue. Therefore, Crown's Motion on this issue is denied.

**B.  Second Motion:  Odometer Fraud**

Crown's argument for summary judgment on this Motion focuses on the 22 mile discrepancy between actual mileage (9480) and the mileage listed on the buyer's order (9458). However, Adkins' claim for Odometer Fraud is based not on this discrepancy, but on the argument that the rear components added to the Car carried twice as much mileage as the rest of the Car. For the reasons discussed above in Section I-B-2, this motion is granted.

**C.  Third Motion: Consumer Fraud and Actual Fraud**

  **1.  Consumer Fraud Claim**

Crown asserts that summary judgment on these two claims is appropriate because all of the behavior of which Crown is accused is encompassed by the VCPA; therefore Adkins' acceptance of the VCPA cure offer precludes Adkins' from raising these additional claims. I disagree. I am persuaded by Adkins' analysis comparing a VCPA Cure Offer to a Rule 68 Offer for Judgment; the purpose of both is to encourage early settlement, but the VCPA cure offer made after defendant's answer does not have the consequences of an Offer for Judgment if the plaintiff does not accept. In any event, Adkins' Consumer Fraud Claim was not brought under the VCPA, thus Adkins' "acceptance"[2] of the VCPA cure offer has no effect on the ability of

---

[2]As discussed in Section I-A, an issue of fact remains as to the parties' subjective understanding of the terms of the cure offer, thus the issue of whether there was a valid

8

Adkins to raise it. Therefore, I deny Crown's Motion as to this Claim.

### 2. Actual Fraud Claim

As discussed in Section I-B-1 of this Memorandum Opinion, I find that factual issues do exist with regards to this Claim. And although distinct from Adkins' argument, Crown's assertion that Adkins' "acceptance" of the VCPA cure offer extinguishes this Claim is without merit. Therefore, I deny Crown's Motion as to this Claim as well.

### D. Fourth Motion: Conversion

Lastly, Crown moves for summary judgment on Adkins' Conversion Claim arguing that its repossession of the Car on March 31, 2005 was not conversion. I agree. To assert a claim for conversion, a plaintiff must prove by a preponderance of the evidence 1) the ownership or right to possession of the property at the time of the conversion and 2) the wrongful exercise of dominion or control by the defendant over the plaintiff's property, thus depriving plaintiff of possession. *Airlines Reporting Corp. v. Pishvaian*, 155 F. Supp. 2d 659 (E.D. Va. 2001). Although Adkins did have a valid security interest in the Car to the extent that she had made payments, Crown also retained an interest in the Car after the contract was repudiated. According to §8.2-711(3), to enforce her security interest Adkins would have had to sell the vehicle in order to recover the amount of payments made prior to rejecting her acceptance. However, Crown still held title to the Car precluding Adkins from legally transferring ownership of it without Crown's cooperation. Under these circumstances, it did not make sense for Adkins to retain possession of the Car when Crown was the only party able to legally transfer title upon

---

acceptance by Adkins cannot be reached for purposes of this Motion.

9

sale. To the extent Adkins did have a valid security interest in the Car, she would be entitled to the proceeds from a sale. However, her right to these proceeds did not provide her a right to possession at the time Crown repossessed the Car. Therefore, I find that Crown's repossession of the vehicle was not a wrongful exercise of dominion over Adkins' property. Rather it was the only effective means for both Crown and Adkins to legally enforce their respective interests in the Car. Therefore I grant summary judgment for Crown on this Claim.

## CONCLUSION

In summary, for the reasons discussed above, Adkins' Motions for Partial Summary Judgment are **DENIED**, Crown's First and Third are **DENIED**, and Crown's Second and Fourth Motions are **GRANTED**. The clerk is directed to send a copy of this Memorandum Opinion to all counsel of record. An appropriate Order shall this day issue.

Entered this 27th day of May, 2005.

*/s/ Jackson L. Kiser*
Senior United States District Judge.