IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| KIMBERLY ADKINS, | Case No. 4:04CV00042 |
| Plaintiff, | |
| | **MEMORANDUM OPINION** |
| v. | |
| | By: **Jackson L. Kiser** |
| CROWN AUTO, INC., ET AL., | Senior United States District Judge |
| Defendants. | |

Before this Court is the defendant Crown Auto's ("Crown") Motions[1] for Judgment as a Matter of Law and Motion to Reduce Damages Awarded by the Jury. For the reasons discussed herein, I am of the opinion that the defendants Motions should be **DENIED.**

I. **BACKGROUND**

The plaintiff Kimberly Adkins ("Adkins") filed a Complaint in this Court on June 15, 2004 in which the she alleged three claims: 1) odometer fraud under the Federal Motor Vehicle Act, 2) consumer fraud under the Virginia Consumer Protection Act, and 3) actual fraud. On April 14, 2005, Adkins filed an Amended Complaint which added a fourth claim for conversion. Both Adkins and Crown submitted Motions for Partial Summary Judgment, and on May 27, 2005 this Court issued an Order denying Adkins' Motions, and granting summary judgment for Crown on the Odometer Fraud and Conversion claims. A trial before a jury was held on the

---

[1] Crown filed two Motions for Judgment as a Matter of Law, one made at the conclusion of Plaintiff's evidence, and another at the conclusion of all the evidence.

1

remaining fraud count from June 13, 2005 to June 17, 2005. At the close of the plaintiff's evidence and at the close of all evidence, Crown moved for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. The motions were taken under advisement. The jury returned a verdict in favor of the plaintiff and awarded $23,700 in compensatory damages.

II.     ANALYSIS

  A.    STANDARD OF REVIEW

Judgment as a matter of law under FED. R. CIV. P. 50 is proper when, "without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." *Reinhold v. Commonwealth of Virginia,* 135 F.3d 920, 923 (4th Cir. 1998) (quoting *Singer v. Dungan,* 45 F.3d 823, 826 (4th Cir.1995)). In resolving the defendant's motion, I must consider the evidence, and all reasonable inferences, in the light most favorable to the plaintiff, to determine whether the evidence presented at trial was sufficient to allow a reasonable jury to render a verdict in her favor. *See Price v. City of Charlotte,* 93 F.3d 1241, 1249-50 (4th Cir. 1996), *cert. denied*, --- U.S. ----, 117 S.Ct. 1246 (1997); *Andrade v. Mayfair Management, Inc.*, 88 F.3d 258, 261 (4th Cir. 1996). "That deference to the jury's findings is not, however, absolute: A mere scintilla of evidence is insufficient to sustain the verdict, and the inferences a jury draws to establish causation must be reasonably probable." *DeJarnette v. Corning Inc.,* 133 F.3d 293, 297 (4th Cir. 1998). "While we are compelled to accord the utmost respect to jury verdicts and tread gingerly in reviewing them, we are not a rubber stamp convened merely to endorse the conclusions of the jury, but rather have a duty to reverse the jury verdict[] if the evidence cannot

2

support it." *Price,* 93 F.3d at 1250 (citations omitted).

### B. CROWN'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW[2]

Crown contends that because Rule 9(b) requires fraud to be pled with particularity, Adkins must be held to her own pleadings and only be allowed to recover damages resulting from the fraudulent behavior actually pled. Specifically, Crown is referring to the pleadings contained in Paragraph 34 of Adkins' Amended Complaint which states:

> In representing that [the] mileage of the whole car was but [9480A][3], and concealing the fact that the rear of the car's mileage was considerably higher, Defendants made false representations of fact as to the true mileage of the vehicle upon which they knew or should have known that purchasers such as the Plaintiff would rely. (Adkins' Am. Comp. at 8, Para. 34).

Thus Crown asserts that under Rule 9(b), Adkins can only be allowed to recover damages resulting from Crown representing the car's mileage as 9480A. Notably, Crown does not dispute that as pled Adkins' Third Cause of Action meets the particularity requirements of Rule 9(b). Rather it is Adkins' alleged failure to demonstrate that she was damaged as a result of the representation of mileage that Crown bases its Rule 50 Motion.

As Crown outlines in its Briefs, at trial, Adkins testified to numerous facts about the car that were not disclosed to her prior to purchase which had she known she would not have purchased the car. Most of these instances involved Crown's concealment of facts concerning

---

[2]Although Crown has filed two Motions for Judgment as a Matter of Law, the Court's analysis is equally dispositive for both.

[3]Although Paragraph 34 of the Amended Complaint lists the mileage of the car at 9458, it was subsequently discovered, and both parties agree, that the actual mileage of the vehicle when it was purchased by Adkins was 9480A. Therefore, 9480A will be substituted in all cases where 9458 was listed in the pleadings, except where the number 9458 appears in quotes.

3

certain parts being replaced with parts from other cars, many from cars having a higher mileage than 9480A. The largest fact concealed by Crown was that the car Adkins actually purchased was a clipped car; essentially meaning that the entire rear portion of the car, aside from the drive train mechanism, had been replaced with a different rear-portion taken from a car possessing more than twice the mileage of the front portion. Adkins devoted a substantial portion of her case to presenting evidence and testimony demonstrating that the car had in fact been clipped, and that this fact was never revealed to her by Crown prior to purchase.

For purposes of this Motion, however, Crown urges that the only relevant issue is whether Adkins relied on the representation of the mileage as 9480A to her detriment. I disagree. A full reading of Paragraph 34 from Adkins' Amended Complaint reflects that Adkins alleged she relied to her detriment on both 1) the *representation* of the mileage as 9480A, as well as 2) the *concealment* of the fact that the mileage of the rear portion was higher. In other words, not only was the representation of mileage material to Adkins' decision to purchase the car, but also the concealment of the fact that the car possessed varying mileage from front to back. Crown argues that the actual representing of the mileage as 9480A was not material to Adkins' decision to purchase the car citing testimony in which she states that she would not have purchased the vehicle even if the rear portion had zero miles on it. (Crown's Brief in Support at 8). But this argument ignores the fact that this representation inherently conceals the fact that the car possessed varying mileage. While her decision may not have actually turned on the specific mileage she was told, this does nothing to absolve Crown of concealing the fact that 9480A wasn't the whole story. It is understandable that Crown wants the Court to disregard the materiality of the concealment of the varying mileage, for it is this very concealment which

4

would have alerted Adkins to the fact that the car was clipped. Adkins' fraud claim (Third Cause of Action) incorporates by reference the facts set forth in paragraphs 6 through 23 of the complaint. Paragraph 34, in turn, makes the allegation of "concealing" those facts. In applying Rule 9's requirement of pleading fraud with particularity it must be done in conjunction with the dictates of Rule 8:

> "It should be kept in mind that Rule 8(a) only requests the pleader provide 'a short and plain statement of the claim for relief . . . [t]hus, it is inappropriate to focus exclusively on the fact that Rule 9(b) requires particularity in pleading the circumstances of fraud. This is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the federal rules and the many cases construing them; in a sense, therefore, the rule regarding the pleading of fraud does not require absolute particularity or a recital of the evidence, especially when some matters are beyond the knowledge of the pleader and can only be developed through discovery." *Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure*, Vol. 5A, §1298, pp. 183, 190, 192 (2004).

Thus in applying Rule 8(a) and Rule 9(b) together, Adkins' Complaint placed Crown on notice that the fraudulent conduct complained of constituted not only the misrepresentation of mileage, but an intentional concealment of the larger fact that the car had been clipped.

To prevail on an actual fraud claim under Virginia law, a plaintiff must prove that there was "(1) a false representation, (2) of material fact, (3) made knowingly and intentionally, (4) with intent to mislead, (5) reliance by the party mislead, and (5) resulting damage to the party mislead." *Hitachi American Credit Corp. V. Signet Bank*, 166 F. 3d 614, 628 (4th Cir. 1999). Crown's concealment of the greater mileage attributed to the car used for the clip demonstrates that Crown falsely represented the true nature of the car: essentially that it was *not* a clipped car; a fact which if known by Adkins would clearly have affected her decision to purchase the car thus making it material. Crown, possessing and having signed the two separate salvage certificates, therefore had knowledge of this material fact at the time of purchase and by failing

5

to disclose it, their intent to mislead became manifest. Adkins' reliance on Crown's representations (and lack thereof) was established the moment she purchased the car oblivious to the fact it was clipped, and the damage she realized soon emerged in the form of bills for repair and inspection along with the personal hardship she endured in confronting Crown about their misrepresentations. Thus, viewed in a light most favorable to Adkins, I find that there was sufficient evidence to permit a jury to find in her favor.

### C. VICARIOUS LIABILITY

As part of its Rule 50 Motion, Crown also asserts that Adkins failed to properly allege and prove vicarious liability with regards to Donald Aaron and John D. Moss. As an initial matter, the issue of vicarious liability concerning either Aaron or John Moss was neither objected to by Crown prior to or during trial, nor instructed on at the end of the parties' presentation of evidence. Paragraph 5 of Adkins' Amended Complaint also alleges that they are agents of Crown acting within the scope of their employment, allegations admitted by Crown. As for Aaron, his employment by Crown was clearly established at trial as well as the fact that he was acting within the scope of that employment when he sold the car to Adkins. Crown asserts that John Moss should not be held liable because he never made any representations regarding mileage to Adkins. As explained above, the fraud perpetrated here involved both a representation and concealment, the latter of which it was demonstrated at trial that John Moss was as culpable as either Crown or Aaron. Therefore, I find that Crown's vicarious liability for the actions of John Moss and Aaron was clearly established, despite the absence of objection or instruction on the issue.

6

**D.   CROWN'S MOTION TO REDUCE DAMAGES AWARDED BY THE JURY**

Crown brings this Motion asserting that "the Plaintiff did not prove all of her damages" and requests that the Court reduce the damages awarded by the jury to $0.00, or in the alternative, $3,384.67 representing the total amount of payments Adkins made to Crown. Crown argues that Plaintiff failed to meet the required showing of "sufficient facts and circumstances to permit [the jury] to make a reasonable estimate of each item [of damages]," the standard set forth in the instructions provided to the jury. Unfortunately for Crown, it is unclear under what authority Crown brings this Motion. Even assuming it can be considered under Rule 50, Crown's intention to seek a reduction of damages was raised neither at the conclusion of Plaintiff's evidence nor the end of all evidence. And to the extent that this Motion contests the sufficiency of evidence to support any aspect of the jury's verdict, this issue was addressed above in Section II-B. Finally, no objection was raised prior to or after the jury instruction on damages was given. For these reasons therefore, I deny Crown's Motion.

**CONCLUSION**

For the reasons stated above, Crown's Motions for Judgment as a Matter of Law and Motion to Reduce Damages Awarded by the Jury are **DENIED**.

Entered this 27th day of July, 2005.

s/Jackson L. Kiser
Senior United States District Judge

7