IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| KIMBERLY ADKINS, ) | |
| ) | Case No. 4:04CV00042 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CROWN AUTO, INC., et al. ) | |
| ) | By: Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Before me now is Plaintiff Kimberly Adkins' ("Adkins") Motion to Tax Costs. Defendants Crown Auto, Inc., John Moss, and Donald Aaron ("Crown") raised objections to Adkins' Motion, Adkins filed a Response to the objections, and Crown filed a Reply to Adkins' Response. Despite the large discrepancies concerning the correct amount to be paid to Adkins, neither party has sought oral argument on this Motion. I am therefore deciding the Motion on the briefs filed by both parties. For the reasons stated herein, Adkins' Motion to Tax Costs is **GRANTED** in part and **DENIED** in part. Crown is ordered to pay Adkins $3,156.55 in costs.

In its objections, Crown has also sought attorney's fees in defending Adkins' Motion. Crown's Motion is **DENIED**.

I. FACTUAL BACKGROUND

The facts in this case are largely not in dispute and will be dealt with briefly. Adkins brought suit against Crown to recover damages sustained by her after she bought a used car from Crown on July 15, 2003. Adkins timely filed her case in this Court on June 15, 2004 and ultimately was awarded a jury verdict of $23,700.00 on June 17, 2005. The trial had originally

been scheduled for March 28, 2005, but had to be rescheduled because Adkins' attorney fell ill on the eve of trial.[1] After I denied Crown's Motion for Judgment as a Matter of Law and Crown's Motion to Alter Judgment on July 27, 2005, Adkins filed her Motion to Tax Costs on August 23, 2005. Both parties submitted briefs in support of their positions on this issue and, having been fully considered, the Motion is now ripe for decision.

## II. BILL OF COSTS

In her Bill of Costs, Adkins seeks reimbursement for $5,770.47 in litigation expenses. The original Bill of Costs filed by Adkins was for a total of $5,792.20. However, in her Response Brief, Adkins voluntarily withdrew an $8.04 late fee as well as a $13.69 hotel room movie fee which was inadvertently left on the original Bill. The requested expenses are divided as follows:

1) $150.00 in clerk filing fees;
2) $485.00 in service of summons and subpoena fees;
3) $2380.50 in court reporter fees for deposition transcripts ;
4) $173.75 in printing costs
5) $393.84 in witness fees;
6) $537.26 for exemplification and copies of papers;
7) $29.66 in telephone costs; and
8) $1620.46 in travel costs to Adkins' attorneys.

## III. THE LEGAL STANDARD

Under Rule 54 of the Federal Rules of Civil Procedure, costs other than attorney's fees "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Though the plain language of this rule grants this Court broad discretionary power to allow or disallow costs, it does not bestow unlimited discretion to "tax costs to

---

[1] The significance of this illness will be discussed further in Part IV-B.

2

reimburse the litigant for every expense he has seen fit to incur in the conduct of his case."
*Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). Instead, satisfying one or more of the enumerated categories of litigation expenses listed in 28 U.S.C. § 1920 serves as a prerequisite to this Court's Rule 54(d) discretionary authority to tax costs. *West Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86 (1991).

In pertinent part, § 1920 authorizes this Court to tax the following of the prevailing party's litigation costs to an opposing party who properly files a Bill of Costs:

1) fees of the clerk and marshal;
2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
3) fees and disbursements for printing and witnesses; and
4) fees for exemplification and copies of papers necessarily obtained for use in the case.

Thus, § 1920 "enumerates expenses that a federal court may tax" and Rule 54(d) "grants a federal court discretion to refuse to tax costs" which § 1920 would have otherwise permitted. *Crawford Fitting Co. v. J.T. Gibbons, Inc.* 482 U.S. 437, 442 (1987). On the other hand, if a cost to the prevailing party is not specifically enumerated in § 1920, this Court has no authority to tax that cost to the opposing party. *Id*.

## IV. APPLICATION OF § 1920 TO ADKINS' MOTION

### A. FEES OF THE CLERK AND MARSHAL - U.S.C. § 1920(1)

Adkins has moved to tax $635.00 to Crown as fees of the clerk and marshal. Of this total, $485.00 represents the sums paid by Adkins to Hester Process Service, Inc. to serve process and subpoenas. In her Bill of Costs, Adkins only documented $85.00 of the $485.00 total with receipts from Hester Process Service, Inc. In her Response Brief, however, Adkins clearly suggests that all of her summons and subpoenas were made by private process servers

3

rather than United States marshals.

The remaining $150.00 is the standard filing fee paid to the clerk. I find that only the $150.00 filing fee can be properly taxed in accordance with § 1920(1).

The question of whether, and to what extent, costs paid by the prevailing party to a private process server may be properly taxed to the opposing party has not been answered by the Fourth Circuit. However, Courts in both the Eastern and Western Districts of Virginia have held that § 1920(1) does not permit such taxation. *See, e.g., Ford v. G.E. Lighting, LLC*, 2005 U.S. Dist. LEXIS 14994 (W.D. Va. July 22, 2005); *Goldstein v. Costco Wholesale Corp.*, 2004 U.S. Dist. LEXIS 22041 (E.D. Va. June 14, 2004); *Cofield v. Crumpler*, 179 F.R.D. 510 (E.D.Va. 1998); *D&B Countryside LLC v. Newell* (In re *D&B Countryside, LLC*), 217 B.R. 72 (Bankr. E.D. Va. 1998). I agree that while "there is no obvious policy reason why private process server fees should not be recoverable," the plain language of § 1920(1) only applies to fees paid to the clerk and marshal. *Newell*, 217 B.R. at 78, n.7. Therefore, I deny Adkins' motion to tax $485.00 in private process server fees to Crown.

In contrast to the private process server fees, the $150.00 filing fee is clearly within the scope of § 1920(1) and it is hereby awarded. Crown has offered no objection to this tax.

### B. FEES OF THE COURT REPORTER - U.S.C. § 1920(2)

Section 1920(2) allows a plaintiff to tax all fees of the court reporter for "stenographic transcript[s] necessarily obtained for use in the case." For such a cost to be "necessarily obtained," it must have been reasonably necessary at the time it was taken. *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988). This test makes it unnecessary that a deposition be introduced at trial as a

4

prerequisite to taxation. *Id.;* see also, *Board of Water's Edge v. Anden Group*, 135 F.R.D. 129, 132 (E.D. Va. 1991). Of course, the costs for a copy of a deposition transcript are also taxable if the deposition itself was reasonably necessary. *Scallet v. Rosenblum*, 176 F.R.D. 522, 527 (W.D. Va. 1997).

Adkins argues that the entire $2,380.50 she spent in court reporter fees were "necessarily obtained" as defined above. While Crown agrees that it may be taxed $572.25 in court reporter fees, it argues that it cannot be taxed for any transcripts of depositions taken after the original trial date of March 28, 2005 which was postponed at the last moment. These costs were not "necessarily obtained," Crown argues, because Adkins "was surely fully prepared" to present her case on March 28, 2005, thus making the additional depositions "unnecessary as to the core issues of the case" (Crown's Reply Brief at un-numbered pg. 4).

The mere fact that Adkins' attorney fell ill immediately before trial is not a sufficient justification to keep all discovery conducted after the postponement from being taxed to Crown. Indeed, Crown's entire argument that the illness was due to Adkins' attorney letting "a known medical condition...get out of control" is inapposite (Crown's Reply Brief at un-numbered pg. 5). The pertinent inquiry is whether the deposition was reasonably necessary at the time it was taken. While this inquiry might be altered if bad faith were found as the reason for the delay in trial, I find no bad faith in this case.

To determine whether the depositions taken after the first trial date were reasonably necessary, it is important to consider the entire context. First, Crown, not Adkins, re-initiated discovery after the first trial was postponed. It is somewhat disingenuous for Crown to argue against the necessity of additional discovery by Adkins when Crown also sought additional

5

discovery. The fact that Adkins may have spent more money on court reporter fees in her additional discovery is meaningless if those fees were reasonably necessary to her case. Second, Crown did not identify one of the witnesses deposed by Adkins until after the trial was postponed. Because Adkins did not know about this witness until after the trial was postponed, she clearly could not have deposed him before the first trial date. Third, Crown did not seek a protective order to limit the depositions now at issue. If Crown had felt at the time that these depositions - particularly the depositions of Crown employees - were unnecessary or were being conducted for purposes of harassment, it would have attempted to limit or prevent them altogether. Finally, Adkins used many of these transcripts at trial for impeachment purposes. While using a deposition transcript at trial does not automatically resolve the § 1920(2) inquiry, it is highly persuasive evidence that the depositions were reasonably necessary to her case. Taken as a whole, and considering the great discretion afforded to the trial judge in taxing costs, each of these factors weigh in favor of taxing Crown with all of Adkins' court reporter costs.

For these reasons, Adkins is therefore entitled to all of the $2380.50 that she seeks in court reporter fees.

### C. FEES AND DISBURSEMENTS FOR PRINTING AND WITNESSES - 28 U.S.C. § 1920(3)

#### 1. PRINTING FEES

Adkins attempts to tax $173.75 in printing fees to Crown. These fees were paid by Adkins to obtain certified copies of Department of Motor Vehicle (DMV) records from Virginia and Texas. It seems, however, that such fees are more appropriately discussed in Part IV-D, below, dealing with exemplification and copies of papers.

#### 2. WITNESS FEES

Adkins next seeks to tax Crown $393.84 in witness fees. Section 1920(4) allows the prevailing party to tax witness fees subject to the provisions of 28 U.S.C. § 1821. Section 1821(b) requires that each witness be paid $40.00 per day of attendance plus a reasonable amount for "the time necessarily occupied in going to and returning from the place of attendance." However, § 1821(a) limits the scope of reimbursable witnesses to those who are "in attendance of any court of the United States or...before any person authorized to take his deposition."

In this case, Crown agrees that it is liable for $247.60 in witness fees. But Crown argues that it should not have to pay $58.50 in witness fees for Harold Keck whose deposition was taken after the first trial was postponed. As discussed in Part IV-B, above, I find that all the depositions taken by Adkins after the first trial date were necessarily obtained and, thus, fully reimbursable. Moreover, § 1821(a) allows deposition witnesses to be reimbursed. It therefore follows that the witness fee for Keck is also reimbursable and it shall be awarded.

Crown also argues that it cannot be taxed $87.84 in witness fees for Charles Droog, Jr. This argument has merit. Despite Adkins' attempts to contact him, Droog had already traveled to Danville for the first trial before he was notified that it had been postponed (Adkins Response Brief at un-numbered pg. 8). The plain language of § 1821(a) disallows reimbursement of this type of fee. The section states that witnesses who are "*in attendance* of any court" (emphasis added) are eligible to be reimbursed and it follows that only reimbursable expenses may be taxed under § 1920(3). *See*, *Cofield*, 179 F.R.D. at 516-17. Because the trial was postponed, Droog obviously could not have been "in attendance" for a trial that did not occur.

Therefore, Crown is taxed $306.10 which is the sum of the $247.60 in undisputed witness

7

fees plus the $58.50 witness fee for Keck's deposition.

### D. EXEMPLIFICATION AND COPIES OF PAPERS - U.S.C. § 1920(4)

#### 1. DMV REPORTS

In her Bill of Costs, Adkins assigned $173.75 in DMV reports from Texas and Virginia as taxable printing costs. Though the distinction between printing costs and copying costs is vague, it seems that such reports should be treated as copying costs. This is in part because, like court reporter fees, § 1920(4) requires copying costs to have been "necessarily obtained for use in the case" before they may be taxed, whereas printing fees need not be so obtained under § 1920(3). In addition, though few courts have considered the matter, courts have tended to evaluate certified copies of documents under § 1920(4). *See*, *Federal Sav. & Loan Ins. Co. v. Szarabajka*, 330 F. Supp.1202, 1209 (N.D. Ill. 1971); *American Steel Works v. Hundley Const. Co.*, 46 F.R.D. 465, 471 (D. Minn. 1969).

In its briefs, Crown objected to the entire $173.75 fee because "the documents were not printed, but were mailed" to Adkins. (Crown's Opposition Brief at un-numbered pg. 5). Crown states that "since Plaintiff has not printed anything, Plaintiff should recover nothing." *Id*. There is no support for such a narrow interpretation of printing or copying costs. By Crown's logic, any documents physically copied by Adkins, her attorney, or her attorney's staff could be taxed while documents copied by a third party could not be taxed. The distinction becomes even less supportable in a case such as Adkins' where the only way to obtain a certified copy of a DMV report is by paying the DMV to make a copy.

While the reports themselves may be taxed, Adkins' Bill of Costs for her Virginia DMV Report also includes a $25.00 expedited processing fee and a $15.00 express shipping fee. These

8

expenses were not "necessarily obtained" because the DMV reports were requested and mailed to Adkins over eight months before the first trial date. Thus, only $133.75 in DMV report fees can be properly taxed to Crown.

### 2. PHOTOCOPY FEES

Section 1920(4) states that a prevailing party may tax photocopy fees that were "necessarily obtained for use in the case." The "necessarily obtained" standard discussed above applies with equal force to photocopy fees and need not be repeated here.

Adkins seeks to tax $537.26 in photocopy fees and Crown objects on the ground that § 1920(4) only "applies to documents such as deeds, mortgages and other recorded documents found in the public records" (Crown's Opposition Brief at un-numbered pg. 6). There is no support for this argument as courts have routinely taxed costs incurred for "in-house" photocopying so long as those costs were "reasonably obtained." *See, e.g., Garner v. Whitman*, 318 F. Supp. 2d 700 (C.D. Ill. 2004); *Simmons v. O'Malley*, 235 F. Supp. 2d 442 (D. Md. 2002).

Crown next argues that even if the photocopying costs are recoverable, Adkins "failed to provide reliable verification that the copies were necessary" (Crown's Reply Brief at un-numbered pg. 7). This argument is also unpersuasive. Adkins was "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs" *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Adkins provided a six page list that documents all of the photocopies made in the case. While not the model of clarity, the list is itemized by date and includes what documents were copied and the number of copies made per day. This is certainly sufficient documentation.

9

Lastly, Crown objects to the $.25 and $.35 per page charges that Adkins billed for each copy. Adkins' attorney charged $.25 per page when using the copy machine in his office and $.35 per page when printing the copies directly off of his computer which was sometimes done to "avoid[] the more time consuming method of sending document [sic] to another part of the office to be copied" (Adkins Response Brief at un-numbered pg. 10). Crown correctly argues that this price is well above the market rate. Though it may have been convenient for Adkins' attorney to print copies from his computer, it was hardly necessary. Even if all of the copies were made at a copy machine, charging $.25 per page would result in a great windfall for the plaintiff rather than simply making her whole.

This Court finds, in its broad discretionary powers, that $.10 per page is a more reasonable charge. Though there is no final breakdown in the photocopy itemization list, Adkins appears to have copied approximately 1,067 pages at $.25 per page and 795 pages at $.35 per page. This equates to 1,862 pages which, multiplied by $.10, comes to $186.20. This amount will be taxed to Crown.

### E. "OTHER COSTS" TAXED BY ADKINS

Finally, Adkins has attempted to tax $1,650.12 in "other costs" to Crown. While the Bill of Costs form AO133 provided by the Western District of Virginia provides a line item for "Other Costs," as discussed at length above, this Court has no authority to tax costs not specifically enumerated by § 1920. Therefore, it is necessary to individually consider both of the "other costs" taxed by Adkins. Both, however, may be dealt with quickly.

Adkins argues that he is entitled to tax $29.66 in telephone costs for a hearing by telephone between the parties. None of the six enumerated subparts in § 1920 can plausibly be

construed to cover such a cost. Therefore, this cost is denied.

Adkins also argues that the $1,620.46 her attorney spent in travel and lodging fees should be taxed to Crown. There is also nothing in § 1920 that covers such expenses and therefore this Court has no authority to tax them to Crown. Attempting to tax these costs appears to be nothing more than an end-run on Fed R. Civ. P. Rule 54(d)(1) which governs attorney's fees. Attorney's fees have not been awarded in this case.

For these reasons, Adkins may not tax any of the $1,650.12 that she has categorized as "other costs."

## V. CROWN'S MOTION FOR ATTORNEY'S FEES

Crown seeks reimbursement from Adkins for the time it has taken to respond to her "frivolous actions" (Crown's Reply Brief at un-numbered pg. 12). While this Court has discretion to award attorney's fees in such situations, there is not sufficient justification to do so on these facts. Adkins has properly taxed many of her costs to Crown which diffuses the argument that the action as a whole was frivolous. Therefore, neither Adkins nor Crown are awarded attorney's fees for any effort expended in bringing or defending this Motion for Taxation of Costs.

## VI. CONCLUSION

For the reasons stated above, Adkins' Motion for Costs is **GRANTED** in part and **DENIED** in part. Crown is ordered to pay $3,156.55 to Adkins. Crown's Motion for Attorney's Fees in defending Adkins' Motion for Costs is **DENIED**.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record.

11

ENTERED this 11th day of October, 2005.

                                                                                       s/Jackson L. Kiser
                                                                                       Senior United States District Judge